# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT E. MCMANUS, | CASE NO. 1:17-CV-789 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| DEFENDANT. | |

Before the Court is the parties' joint motion for an award of attorney fees under the Equal Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. No. 19 ["Mot."]); and Plaintiff's Counsel's Response to Court's Order (Doc. No. 20 ["Resp."].) For the reasons and in the manner set forth herein, the motion is granted and the award of attorney fees is approved.

## I. BACKGROUND

On April 13, 2017, plaintiff Robert E. McManus ("McManus") filed this action seeking judicial review of the final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying his application for disability benefits. (Doc. No. 1 (Complaint).) On April 9, 2018, the magistrate judge issued his report and recommendation ("R&R"), recommending that the Commissioner's decision be vacated and that this matter be remanded. (Doc. No. 15 (R&R).) On April 20, 2018, the Commissioner filed a notice indicating that she would not be filing objections to the R&R. (Doc. No. 16.) On April 25, 2018, the Court entered a memorandum opinion and judgment entry adopting the R&R, reversing the

Commissioner's decision, and remanding this action to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings. (Doc. No. 17 (Memorandum Opinion); Doc. No. 18 (Judgment Entry).)

On July 25, 2018, the parties filed the present joint motion for attorney fees. (Doc. No. 19.) The Court directed the parties to file documentation to support their motion, which McManus's counsel filed on March 14, 2019. (*See* Resp.) By their joint motion, the parties seek an EAJA award in the amount of $6,270.00, which the parties indicate represents a compromise of disputed positions and will fully satisfy any and all of McManus's claims for fees, costs, and expenses under the EAJA. (Mot. at 685.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that McManus is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom*, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of [his] social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee

2

award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by McManus's counsel shows 39.7 hours of legal services performed between March 14, 2017 and May 25, 2018 (including the typical legal services of reviewing the administrative record, telephone calls, reviewing court orders, drafting pleadings and briefs, and the like). (Doc. No. 20-1 (Billing Sheet).) McManus's counsel's affidavit indicates that counsel agreed to reduce his hours to 33 for purposes of resolution. (Doc. No. 20-3 (Affidavit of Attorney Karl E. Osterhout) ¶ 7.) The Court finds reasonable both the amount, as amended by counsel, and the nature of the legal services performed.

McManus's counsel's affidavit also reflects an hourly billing rate of $ 350.00 for services. (*Id*. ¶ 6.) The Affidavit further provides, however, that counsel agreed to reduce his billing rate to $190.00 for purposes of this joint motion. (*Id*. ¶ 7.) This reduced rate is still an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The rates proposed by counsel comport with the measure of inflation in this geographic region (i.e., the "Midwest Urban" Consumer Price Index ("CPI")). *Crenshaw v. Comm'r of Soc.*

*Sec.*, No. 1:13CV1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases).

In light of these facts, the Court finds that the stipulated award of $6,270.00 is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). This award will be in full satisfaction of any and all of McManus's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by McManus to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

The Commissioner is directed to determine, within 30 days from the date of this Order, whether McManus owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to generate an invoice for any balance that directs the Department of Treasury to pay that balance to McManus's attorney pursuant to the attorney fees assignment duly signed by McManus and his counsel. (*See* Doc. No. 20-2.)

### III. CONCLUSION

For the reasons set forth herein, the parties' joint motion for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $6,270.00 is approved, and the amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: March 20, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**